UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON BROWN,<br><br>                    Plaintiff,<br><br>        -against-<br><br>CASSIE VENTURA, Victim I; ALL FALSE ACCUSERS OF SEAN DIDDY COMBS,<br><br>                    Defendants. | 25-CV-3635 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against (1) Cassie Ventura, a witness in Sean Combs' criminal trial, which is pending in this court, *see United States v. Combs*, No. 24-CR-0542 (AS), and (2) "all false accusers of Sean Diddy Combs." By order dated May 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On May 30, 2025, Plaintiff filed a proposed order to show cause for a preliminary injunction and temporary restraining order.

For the reasons set forth in this order, the Court dismisses the complaint as frivolous and denies Plaintiff's motion seeking emergency relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Additionally, "a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 327).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff states that she "read the lawsuits of supposed 'victims' of Sean Combs aka Diddy etc. [and] Cassie Ventura is not a victim." (ECF 1, at 5.) Plaintiff believes that "there is no proof [Ventura] is a 'victim' but a participant in her own words." (*Id.*) Plaintiff contends that she herself is "an interested party" and

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

that she has been "harmed." (*Id.* at 6.) For relief, Plaintiff seeks "all money Sean Combs aka Diddy paid Cassie Ventura on every contract, royalties, video [and] void contracts." (*Id.* at 6.)

## DISCUSSION

### A.  Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368. The Court, after reviewing Plaintiff's complaint, where she seeks monetary relief for conduct related to Sean Combs' criminal trial, finds that the complaint lacks any arguable basis in law or in fact. *See Neitzke*, 490 U.S. at 325. Plaintiff's assertion – that she is entitled to relief from Cassie Ventura, a witness in Combs' trial – rises to the level of the irrational. Accordingly, because there is no legal theory on which Plaintiff can rely to assert any claim against Ventura, or any other individual associated with Combs' criminal trial, the action must be dismissed as frivolous under Section 1915(e)(2)(B)(i).

### B.  Leave to amend denied

In deference to Plaintiff's *pro se* status, the Court normally would grant Plaintiff leave to amend her complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint sua sponte and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face"); *see, e.g.*, *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be

cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## WARNING

The Court notes that Plaintiff, under the name "Sharon Jeter," is barred, under 28 U.S.C. § 1915(g), from filing any federal civil action IFP while she is a prisoner, unless she is under imminent danger of serious physical injury. *See Jeter v. CNYPC*, ECF 1:15-CV-6802, 6 (S.D.N.Y. Dec. 7, 2005) (lead action). Plaintiff is barred under Section 1915(g) from filing actions while she is a prisoner because she previously filed three or more civil actions or appeals in a federal court that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(g).

It seems that Plaintiff, now that she is no longer incarcerated, has continued to file nonmeritorious civil actions in this court under the name "Sharon Brown," "Sharon L. Brown," or "Sharon Leslie Brown." *See, e.g.*, *Brown v. World Health Org.*, ECF 1:24-CV-7216, 11 (S.D.N.Y. Mar. 7, 2025) (dismissed for lack of subject matter jurisdiction, notice of appeal filed Mar. 28, 2025); *Brown v. United Nations*, ECF 1:24-CV-7061, 10 (S.D.N.Y. Feb. 26, 2025) (same, notice of appeal filed Mar. 7, 2025). Accordingly, the Court warns Plaintiff that, if she continues to file nonmeritorious litigation in this court, the court may issue an order barring her from filing new civil actions in this court IFP without leave of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court denies Plaintiff's request for "emergency relief" and directs the Clerk of Court to terminate the motion at ECF 6.

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: June 18, 2025
       New York, New York

                                           *Louis L. Stanton*
                                              Louis L. Stanton
                                                  U.S.D.J.